PEOPLE ex rel. DUNNIGAN v. COMR'S OF POLICE.   407

SECOND DEPARTMENT, FEBRUARY TERM, 1888.

made no change in the scope of the provision. The name of the action is changed, or rather abolished. The action is now called an action to recover the possession of real property. Since the Code the question has been before the Court of Appeals. An action had been brought to set aside a deed, because the grantor had not capacity to convey. The plaintiff had a verdict and a new trial as a right was refused and the Court of Appeals affirmed this order. (*Shumway* v. *Shumway*, 42 N. Y., 143.) That was a case where clearly the plaintiff could have brought an action of ejectment, strictly or in equity, to declare void the defendant's deed. Having elected the equitable remedy the right to a new trial under this section did not exist."

The order should therefore be affirmed with costs.

*William M. Benedict* for the appellant.

*David McClure* for the respondent.

Opinion by BARNARD, J.; PRATT, J. concurred.

Order refusing new trial affirmed with costs.

---

THE PEOPLE ex rel. PETER B. DUNNIGAN, APPELLANT, v. THE COMMISSIONERS OF THE DEPARTMENT OF POLICE OF THE CITY OF BROOKLYN, RESPONDENT.

*Removal of a member of the police force of the city of Brooklyn—a certiorari to review the determination of the commissioners must be granted and served within thirty days after notice to the member of his removal— the provision contained in chapter 457 of 1881, requiring this to be done is special and of paramount authority, and is not inconsistent with section 2125 of the Code of Civil Procedure, nor is it unconstitutional.*

APPEAL from an order denying a motion to compel the respondent to make a return to a writ of *certiorari* issued to the commissioners of the department of police of the city of Brooklyn, to review their action in the removal of the relator.

The relator was a member of the police department of the city of Brooklyn, and after his trial and conviction he was dismissed from the police force on the 23d day of December, 1881. On the 28th day of March, 1882, the relator applied for a writ of *certiorari*

**408**  PEOPLE ex rel. DUNNIGAN *v.* COMR'S OF POLICE.

SECOND DEPARTMENT, FEBRUARY TERM, 1888.

to review the proceedings which resulted in his removal, and the writ was allowed on the 10th day of April, 1882. No return having been made to the said writ, on the 23d day of January, 1883, the relator applied for an order directing the respondent to file a return to the writ. That application was denied and the relator has appealed from the order.

The court at General Term said : "It appears from the statement already made that the writ of *certiorari* was not granted and served within thirty days after the relator was notified of his removal, and the position of the respondent now is that the writ was improperly allowed because the time in which application should have been made for the same had expired under the provisions of chapter 457 of the Laws of 1881. One of the provisions of that law is that a writ of *certiorari* to review a determination by the commissioners of police of Brooklyn, to remove a person employed on the police force of that city for cause must be granted and served within thirty days after notice to him of such removal. The relator claims this statute to be either unconstitutional or a provision for an alternative remedy in conjunction with section 2125 of the Code of Civil Procedure, which requires the writ of *certiorari* to review the determination of an inferior tribunal, to be granted and served within four calendar months after the determination to be reviewed becomes binding on the relator. These statutory provisions are not necessarily inconsistent, but they prescribe different limitations, and we think the portion of chapter 457 of the Laws of 1881 is a special limitation and of paramount authority in this case. Neither do we think the act of 1881 falls under the condemnation of the constitution of the State as embracing more than one subject.

"The order appealed from should be affirmed, with ten dollars costs and disbursements."

*Edward F. O'Dwyer*, for the appellant.

*John C. Perry*, for the respondent.

Opinion by DYKMAN, J. ; BARNARD, P. J., concurred ; PRATT, J., not sitting.

Order affirmed, with costs and disbursements.